IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jelani Aiken, | ) | |
| | ) | C/A 2:07-413-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION and ORDER** |
| | ) | |
| Waffle House, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff Jelani Aiken's motion to remand this

action to state court due to a lack of diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

For the following reasons, the motion to remand is denied.

## I.  BACKGROUND

On September 29, 2006, South Carolina resident Jelani Aiken brought an action

in the Court of Common Pleas for Colleton County against Maurice Kemp, also a South

Carolina resident, and Waffle House, Inc., a corporation organized under the laws of the

state of Georgia and with its principal place of business in Georgia.  Plaintiff Aiken

alleged that, on October 3, 2003 during a meal at the Bells Highway Waffle House in

Walterboro (Unit 770), defendant Kemp – an employee of Waffle House – attacked him

with a knife borrowed from the Waffle House kitchen. Plaintiff Aiken brought causes of

action for assault and battery and negligence against Kemp and against Waffle House on

a theory of respondeat superior, alleging that Kemp's actions occurred  within the scope

of his employment. Neither defendant responded to service of the summons and

complaint.

On November 28, 2006, plaintiff Aiken served a notice of motion and moved for entry of default against both defendants. On December 5, 2006, after neither defendant responded, the clerk of court entered default against both Kemp and Waffle House. On December 12, 2006, Circuit Court Judge John Few issued an order of default and an order referring the case to a special referee – local attorney Scott Harvin – for a damages hearing. A damages hearing was held on December 22, 2006. Neither defendant appeared at the "hearing," and there is no written record of that hearing.

Following the damages hearing, plaintiff's counsel prepared a proposed order and submitted it to the special referee. See Lindemann Affidavit, ¶ 2.[1] On January 30, 2007, the special referee signed the proposed order after making some handwritten changes. The final order and judgment, filed February 5, 2007, entered judgment only against Waffle House, Inc., in the amount of $151,340.10 in actual damages and $75,000.00 in punitive damages. The final order states specifically that "The causes of actions [sic] against defendant Kemp is [sic] dismissed." See Final Order and Judgment, at 5.

The record is unclear as to precisely when Andrew Lindemann, Waffle House's attorney, first learned of the state court action. Lindemann states that he first learned on February 2, 2007 that the damages hearing had already taken place. See Lindemann Affidavit, ¶ 2. Lindemann received an unfiled copy of the final order and judgment on February 5, 2007 and a filed copy of the final order and judgment on February 8. See Lindemann Affidavit, ¶ 3.

---

[1] Defendant's counsel avers that plaintiff's counsel told him that the referee requested her to submit a proposed order. Plaintiff's counsel confirmed this fact at hearing.

In any event, on February 9, 2007, Waffle House filed its notice of removal of

this case to federal court pursuant to 28 U.S.C. § 1446(b), asserting diversity of

citizenship. On this same date, Waffle House filed a motion to vacate the default

judgment or to set aside the entry of default under South Carolina Rules of Civil

Procedure 55(a), 59(e), and 60(b)(1) and (3)-(4), alleging in large part that Waffle House

was never properly served.  Plaintiff has now moved to remand, and has objected to

Waffle House's "motion for removal."

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1441, a case filed in state court may be removed to federal

court if it is an action "of which the district courts of the United States have original

jurisdiction." A party seeking removal bears the burden of establishing the existence of

federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th

Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district

court must strictly construe removal jurisdiction. Id. (citing Shamrock Oil & Gas Corp. v.

Sheets, 313 U.S. 100 (1941)). Further, if federal jurisdiction is in doubt, a remand is

necessary. Id.

Pursuant to 28 U.S.C. § 1446(b),

If the case stated by the initial pleading is not removable, a notice of
removal may be filed within thirty days after receipt by the defendant . . .
of a copy of an amended pleading, motion, order or other paper from
which it may first be ascertained that the case is one which is or has
become removable . . ., except that a case may not be removed on the
basis of jurisdiction conferred by section 1332 of this title more than 1
year after commencement of the action.

3

The Fourth Circuit, however, distinguishes between voluntary and involuntary dismissals in determining whether a dismissal can make a once non-removable case removable. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988). Where removal is based on diversity of citizenship, diversity must exist at the time the action is instituted in state court unless the removal "is premised on the plaintiff's voluntarily dropping of the nondiverse defendant." Heniford v. Am. Motor Sales Corp., 471 F. Supp. 328, 334 (D.S.C. 1979). In the case of a voluntary dismissal, "diversity is tested only at the time of removal although diversity did not exist among the parties at the commencement of the state court action." Id.

"However, this is not the situation if the non-diverse party has been involuntarily dismissed by order of the state judge." Higgins, 863 F.2d at 1166.

> The plaintiff may choose to appeal the dismissal. Although complete diversity may temporarily exist between the parties, suggesting that removal is proper, diversity jurisdiction may ultimately be destroyed if the state appellate court reverses the dismissal of the non-diverse party. Therefore, some cases are not removable despite complete diversity between the parties.

Id.

## III.   DISCUSSION

### A.  Removability of Default Judgments

In general, a case is not removable after the state court has rendered a final judgment. See Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 774 (2d Cir. 1988) ("it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation"); see generally 14B Wright, Miller & Cooper, Federal Practice & Procedure §

4

3721.[2]

There is, however, case law suggesting that a case must proceed through the state

appellate courts to be "final" for these purposes. See In re Meyerland Co., 910 F.2d 1257,

1266 (5th Cir. 1990) (Higginbotham, J., concurring in part and dissenting in part) ("no

case may be removed once the state appellate process has been exhausted") (emphasis

added);  Holmes v. AC&S, Inc., 388 F. Supp. 2d 663, 668 (E.D. Va. 2004). Although

there was a recorded judgment at the time the case was removed by Waffle House, the

state court still had the authority to modify, amend, or vacate the default judgment

because the time for filing post-judgment motions had not run at the time the case was

removed to this court. "The proper analysis in determining whether a removable case

existed does not examine whether the order was final at the time entered, but whether the

order was still subject to the state court's modification or jurisdiction at the time of

removal." Holmes, 388 F. Supp. 2d at 668 (citing In re Meyerland Co., 960 F.2d 512, 517

(5th Cir. 1992), a related action to the Fifth Circuit's opinion cited above). Thus, it

appears that this case was removable.

Upon removal "after a state court judgment has been entered, the district court

should immediately adopt the judgment as its own. Thereafter, the parties should follow

the applicable rules regarding post-judgment motions and notices of appeal." Resolution

Trust Corp. v. Allen, 16 F.3d 568, 575 (4th Cir. 1994). The same has been said for

---

[2]  It is worth noting that the Rooker-Feldman doctrine, which prohibits federal court review of state court judgments, is not applicable here. Cases invoking the doctrine involve separate federal court actions, filed in the original jurisdiction of the court, rather than removal of state court actions over which the federal court has, at the time of removal, original jurisdiction. E.g., Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198-99 (4th Cir. 2000).

default judgments specifically:

> The federal rules apply after removal and neither add to nor abrogate what
> has been done in the state court prior to removal. The federal court takes
> the case as it finds it on removal and treats everything that occurred in the
> state court as if it had taken place in federal court.  Therefore, this default
> judgment should be treated as though it had been validly rendered in the
> federal proceeding. . . . [A] motion to set aside a default may be made in
> the district court under Fed. R. Civ. P. 60(b) because of mistake,
> inadvertence, surprise, or excusable neglect.

Butner v. Neustadter, 324 F.2d 783, 785-86 (9th Cir. 1963) (footnotes, internal

quotations, and citation omitted). See Murray v. Ford Motor Co., 770 F.2d 461, 463 (5th

Cir. 1985) ("The default judgment was in effect and continued in effect when the case

was removed to the federal court.").

> "[I]t is well established that a federal district court has jurisdiction to
> consider a motion for relief from an order of default entered in state
> court." A federal court has the power to set aside a default entered in state
> court in three situations: (1) "when a state court lacked jurisdiction to
> make an entry of default;" (2) "when a state court could have vacated its
> own default judgment;" and (3) "when a federal court could have vacated
> the entry of default."

Cox v. Sprung's Transp. & Movers Ltd., 407 F. Supp. 2d 754, 757 (D.S.C. 2006)

(Herlong, J.) (quoting Hawes v. Cart Prods., Inc., 386 F. Supp. 2d 681, 689 (D.S.C. 2005)

(Floyd, J.)).[3]

Here, plaintiff presents no legal argument that a default judgment cannot be

removed. Thus, this issue is uncontested and, based on the relevant law set forth above,

---

[3] See generally J.F. Ghent, Annotation, Status, in federal court, of judgment or order
rendered by state court before removal of case, 2 A.L.R. Fed. 760 (1969 & Cum. Supp. 2006).
This annotation indicates that a default judgment must be given full faith and credit by the federal
court, but that the federal court can entertain motions to modify or vacate it. See id. (Cum. Supp.
1996) (citing Zeglis v. Sutton, 980 F. Supp. 958 (N.D. Ill. 1997)).

6

the court concludes that the default judgment was removable.

### B. Timeliness of Removal

Plaintiff's primary contention is that removal was untimely under § 1446 because an agent of Waffle House had notice of the action in October 2006 and the removal was not effected within 30 days thereafter. This argument is based entirely on the assumption that Waffle House's local district manager (to whom the summons and complaint may or may not have been delivered) is an appropriate agent for the service of Waffle House. This, however, is not the relevant inquiry.

Waffle House argues that removal was proper because it acted as soon as it first received notice that the case was removable, under § 1446(b). It is undisputed that defendant Kemp remained a party to the state court action up until a damages hearing had taken place and a final judgment was entered proclaiming the allegations against the non-diverse defendant Kemp to be "dismissed." The special referee found that Kemp "was acting within the course and scope of his employment," that Waffle House was "directly responsible for [Kemp's] actions under the Doctrine of Respondeat Superior" and that Kemp's actions were "directly imputed to his employer."

The order imposing default judgment goes on to hold that "Plaintiff has met his burden of proving Defendant Kemp was at all times acting within the course and scope of his employment with Waffle House. That Defendant Waffle House are [sic] responsible as a matter of law for his actions. The causes of actions [sic] against Defendant Maurice Kemp is [sic] dismissed." Default judgment was entered only against Waffle House.

Thus, regardless of whether and when Waffle House was served, the state court

7

judgment was the first "amended pleading, motion, order or other paper from which it

may first be ascertained that the case is one which is or has become removable" under §

1446(b). Because Waffle House filed its notice of removal in the state court within thirty

days of the judgment, the case was timely removed.

*C.  Voluntariness of Dismissal*

        Finally, as noted previously, the Fourth Circuit has found that only <u>voluntary</u>

dismissals creating diversity jurisdiction may be removed to federal court. <u>See</u> <u>Higgins v.</u>

<u>E.I. DuPont de Nemours & Co.</u>, 863 F.2d 1162, 1166 (4th Cir. 1988); <u>Heniford v. Am.</u>

<u>Motor Sales Corp.</u>, 471 F. Supp. 328, 334 (D.S.C. 1979).[4]  In <u>Heniford</u>, this court held

that the plaintiff's attorney's closing statement asking the jury not to impose liability on

the South Carolina resident constituted a voluntary dismissal for the purpose of removal

to federal court.  "It is quite well-settled that if the plaintiff voluntarily dismisses,

discontinues, or in any way abandons, the action as to the resident joint defendant, the

cause then becomes removable, and may, upon prompt action, be removed by the

nonresident defendants who have been served." 471 F. Supp. at 334 (citations omitted).

        It is clear from the record that the order issued by the special referee, which

rendered a default judgment only against Waffle House and not defendant Kemp, was

drafted by plaintiff's counsel and changed only slightly by the referee.  More important is

the fact that the language dismissing Kemp from the case was not altered by the referee.[5]

_____

        [4]  Importantly, the <u>Higgins</u> court found that, regardless of whether the dismissal was
voluntary or involuntary, the federal court acted properly in granting summary judgment on the
remaining claims because diversity existed at the time of judgment. 863 F.2d at 1166.

        [5]  At the hearing on plaintiff's motion, plaintiff's counsel alleged for the first time that
she sought joint and several liability against both Kemp and Waffle House but that the referee

Thus, in state court plaintiff received exactly what he wanted, which included the

dismissal of all allegations against Kemp.

In any event, the policy underlying the "voluntary/involuntary" distinction has not

been infringed upon.

> The voluntary/involuntary rule serves two purposes. First, the rule
> contributes to judicial economy. Removal following an involuntary
> dismissal may be only temporary: the plaintiff may appeal the dismissal in
> state court, and success on appeal would lead to the reinstatement of the
> non-diverse party, destroying federal jurisdiction and compelling remand
> to the state court. We are anxious to avoid this sort of yo-yo effect.
>
> Second, some courts have invoked a general principle of deference to the
> plaintiff's choice of forum. Allowing removal only when the plaintiff
> voluntarily dismisses a defendant ensures that the plaintiff will not be
> forced out of state court without his consent. Of course, this principle of
> deference is entirely inconsistent with the apparent purpose of the removal
> statute–to give defendants a means to escape the plaintiff's hometown
> forum–but it is consistent with our general desire to limit federal
> jurisdiction.

Poulos v. Naas Foods, Inc., 959 F.2d 69, 72 (7th Cir. 1992) (citations omitted).

Here, there is no chance that plaintiff will appeal the state court's dismissal of

Kemp from the action; doing so may jeopardize the judgment it already has against

Waffle House, and by all accounts Kemp is not in a financial position to substantially

contribute to satisfying the judgment. Moreover, given the deference that this court must

give to a validly-entered state court judgment, see Resolution Trust Corp., 16 F.3d at 575,

---

orally rejected this finding and directed counsel to submit a proposed order finding liability as to
Waffle House only.  There is simply no evidence in the record demonstrating that this is the case.
There was no record or transcript of this hearing, there is no affidavit of counsel to this effect, and
it is otherwise undisputed that the order eventually modified and entered by the special referee
was drafted and submitted by plaintiff's counsel. Further, the grammar and syntax used
throughout the proposed order appear consistent with the language dismissing Kemp as a
defendant.

removal in this case will not invoke the fears traditionally associated with being "forced"

into federal court, but it will be faithful to the purpose of the removal statutes.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that plaintiff's motion to

remand is DENIED, and that plaintiff shall respond to defendant's motion to set aside the

entry of default or vacate default judgment within fifteen (15) days of the date of this

order.

**AND IT IS SO ORDERED.**

 

 

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 14, 2007**
**Charleston, South Carolina**